W. A. RIDER, Appellant, v. V. S. HOCKETT 'et al., Appellees.

APPEAL AND ERROR: Abstracts. Maps and plats should be condensed or reduced.

*Appeal from Adams District Court.*—HOMER A. FULLER, Judge.

FEBRUARY 16, 1920.

REHEARING DENIED MAY 11, 1920.

IN the district court, this was an appeal by plaintiff from an order of the board of supervisors of Adams County, establishing a drainage district. Trial being had on the merits, the district court confirmed the action of the super visors. From such order of the district court, the plaintiff has appealed.—*Affirmed.*

*Tinley, Mitchell, Pryor & Ross,* for appellant.

*A. Ray Maxwell* and *Meyerhoff & Gibson,* for appellees.

EVANS, J.—The proposed drainage district is known in the record as East Nodaway Drainage District No. 2. Its purpose is to straighten a section of the East Nodaway River. It comprises about 4,000 acres of land, nearly all of which is subject to the periodical overflow of such river. The petition therefor was signed by nearly all the landowners therein, including the plaintiff. Sometime prior to the filing of this petition, East Nodaway Drainage

District No. 1 had been established, and its improvement constructed. This also involved a straightening of a section of the same river. East Nodaway Drainage District No. 2, now under consideration, joins the District No. 1 on the upstream side, and the improvement is intended as an extension upstream of that which has been already accomplished in District No. 1. The ditch which is to be constructed under the present improvement is to have its outlet at and into the head of the ditch already constructed for District No. 1. Such outlet is located at the west end of the so-called Brooks Bridge, and extends upstream to the Nodaway Bridge. Between these two points, the sinuous length of the river is 14.7 miles. The length of the proposed ditch between these two points is 6.38 miles. The cost thereof will be approximately $62,000, the contracts being already let. The original objections filed by the appellant before the board of supervisors, upon which he elects to stand in this court, were as follows:

First. The objectors state that said ditch, on the route recommended by said engineer, will not be a public utility.

Second. The cost of construction of the ditch, upon the route proposed by said engineer's report, would be excessive, and would be a greater burden than should be borne by the land proposed to be benefited by said improvement.

Notwithstanding this election of appellant to stand upon these original objections, he has argued in his brief some other contentions as to the procedure of the board, on the theory that they go to the jurisdiction of the board. If these questions could properly now be raised, we are clear that we should have to find against the appellant on the merit thereof, and on the facts upon which they are predicated. We shall not, therefore, pass upon the question as to whether appellant is entitled to be heard as to these. On the broad question of public utility and of proportion-

ate cost and benefit, we do not discover in the record any very marked conflict of evidence. The testimony is confined, in the main, to that of the engineers. The plaintiff himself was not a witness. Only one landowner was used as a witness on each side. Each side introduced the testimony of an engineer who had been upon the ground, and who presented, as a part of his testimony, maps and plats, including measurements and levels. The exhibits thus produced by the engineers have not been abstracted. Counsel have found it less laborious to stipulate the original exhibits to this court. There can be no objection to such stipulation, but it does not justify a failure to abstract the exhibits in reduced form for our convenience. The originals presented to us are wholly unsuitable for the purposes of an opinion. For that reason, it is impracticable for us to deal in this opinion with the details of the evidence, as bearing upon the merits of the case, and we shall content ourselves with a general statement of our conclusions.

If it could be said that there was substantial conflict in the testimony of the engineers, we should have to deem the circumstances shown strongly corroborative of the contention of the defendants.

It would seem to a nonexpert highly probable that water could be delivered between two points more rapidly over a 6-mile course than it could through the curves of a 14-mile course, it appearing, indeed, that the total curvature of this latter course describes a circle 37 times between such two points.

The engineer who testified on behalf of the appellant was Ballard. He was the official engineer of a railroad company whose line of road ran along the course of this stream. He testified as follows:

"The present channel does not take care of all of the ordinary, heavy rains. Something must be done there. The necessity for this drainage district is apparent. The only

difference between Mr. Price and myself is with reference to the location of the ditch. I am very much interested in that ditch being located close to our tracks. I am deeply interested from the standpoint of the company. In many places, the river bank itself, and in some places, the river bed itself, is higher than the ground back from it. There is a limited area that don't drain now. It is necessary to have either tiling or laterals, in either case. The mark which I have made with a pencil on Exhibit A-1 is the ditch as I think it should be. There would be but slight difference, so far as the cost is concerned, between Mr. Price's ditch and the one proposed by me. I presume there would not be any."

As an engineer, he contended only for a slight change of location of the ditch from that recommended by the other engineer, Price. The variance between the two plans was less than 100 feet in distance, and none in cost. It is shown that the land in the valley is in the main level. The overflow spreads out to a width of three quarters of a mile. Manifestly, therefore, more than one line of location for the ditch might plausibly be selected. That a cut-off ditch of some kind, located on some line between the two points in question, should be established, is virtually conceded, upon the record. The fact that one line of location would better suit the convenience of one landowner, and that another line would better suit the convenience of another, is an unavoidable incident of such an improvement.

We are very clear that the evidence in this record would not justify our interference with the finding of the district court, confirming the action of the board. The order entered below is, therefore,—*Affirmed.*

WEAVER, C. J., PRESTON and SALINGER, JJ., concur.